# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MELINDA D. HANKINS                                                                    PLAINTIFF

V.                   CASE NO. 4:17-CV-00761 BRW-JTK

SOCIAL SECURITY ADMINISTRATION                           DEFENDANT

## RECOMMENDED DISPOSITION

**I. Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II. Introduction:**

Plaintiff, Melinda D. Hankins, applied for disability benefits on September 17, 2013, alleging a disability onset date of January 1, 2009. (Tr. at 19). Her date last insured was June 30, 2012, so the relevant time-period for review ends on that date. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied Hankins's application. (Tr. at 27). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Hankins has requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

The ALJ found that Hankins had not engaged in substantial gainful activity since the alleged onset date through her date last insured. (Tr. at 21). The ALJ found, at Step Two of the sequential five-step analysis, that Hankins had the following medically determinable impairments: affective disorder, anxiety disorder, arthritis, sinusitis/cough, gastroesophageal reflux, and obesity. *Id.* The ALJ determined at Step Two that none of these impairments were severe, and therefore, held that Hankins was not disabled. (Tr. at 21-27).

### IV. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Hankins's Arguments on Appeal

Hankins argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ failed to fully develop the record and that he should have found Hankins's mental impairments to be severe, notwithstanding Hankins's positive response to

treatment. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Hankins had to show disability before the date last insured of June 30, 2012. In early 2010, despite alleging anxiety and depression, Hankins admitted non-compliance with medication. (Tr. at 237). Failure to follow prescribed treatment may be used to discredit subjective allegations. *Brown v. Heckler*, 767 F.2d 451, 452 (8th Cir. 1985). But then, in April 2010, she reported that her symptoms were improving with a combination of Effexor and Xanax; she said she was better than she had been in a long time. (Tr. at 238). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Physician assistant Gabriel Martin noted on April 12, 2010 that Effexor was effective and did not cause side effects. (Tr. at 247). Hankins had logical and coherent thought content and excellent attention and concentration. *Id*. A lack of clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). She also admitted she had never sought out psychiatric treatment. (Tr. at 247). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Hankins had a few brief exacerbations of her conditions, caused by situational problems in her life. But, again in June and October 2010, she reported improvement with medication. (Tr. at 252, 258). On several visits with her PCP in 2011, Hankins did not allege any mental health complaints. (Tr. at 244-246). In November 2011, Hankins again reported excellent symptom control with medication. (Tr. at 275).

Throughout the relevant time-period, Hankins was assigned GAF scores between 55 and 65. (Tr. at 258-262). GAF scores do not directly correlate to the severity of mental disorders. *Jones*

3

*v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010). In fact, the Commissioner has declined to endorse the GAF scale for use in Social Security programs. *See Halverson v. Astrue*, 600 F.3d 922, 930-31 (8th Cir. 2010). Still, GAF scores in the 55-65 range do not indicate more than mild impairment.

Hankins relies upon the medical source statement filled out by P.A. Martin in 2016 to support her claim of severe impairments. He indicated marked or moderate problems in mental functioning, but the form was filled out four years after the date last insured. (Tr. at 490-492). And it was a short checkbox form with little elaboration. A conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Furthermore, P.A. Martin's own notes showed that medication helped Hankins with her symptoms. And finally, P.A. Martin is not a medical doctor, and not an acceptable medical source. Under the regulations, the following treating source opinions are considered to be acceptable medical sources: licensed physicians (medical or osteopathic doctors), licensed or certified psychologist (including school psychologist), licensed optometrist, licensed podiatrist, and qualified speech-language pathologists. 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), and 404.1527. The opinions of the following unacceptable medical sources may be considered but are not entitled to the weight assigned to the medical sources noted above: medical sources such as nurse practitioner, physician's assistant, naturopaths, chiropractors, audiologist, and therapists. *Id*.

Hankins points out that an ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. Hankins's attorney told the ALJ at the hearing that the record was complete, and he

did not ask for further development. (Tr. at 38). The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). The ALJ had ample evidence from the relevant time-period that Hankins improved with treatment, suffered infrequent and merely situational destabilizations, and did not require more than conservative treatment. The ALJ also noted that Hankins could do things like care for her disabled husband, go to church, and shop for groceries. (Tr. at 42-51). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The ALJ based his decision on a fully developed record.

For the same reasons, the ALJ was correct in finding no severe impairment at Step Two. The two state-agency medical consultants found no mental impairments. (Tr. at 60-67). No opinion from the relevant time-period suggested more than mild mental symptoms. And the medical evidence did not provide a different conclusion. There is not support for Hankins's claims of error by the ALJ.

## V. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed and the ALJ made a proper finding at Step Two. The finding that Hankins was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 7th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE